FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLARD DYNAMITE BERNARD PALMER,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE ADMINISTRATIVE OFFICE OF THE COURTS, and WALLA WALLA COUNTY,<br><br>      Defendants. | No.  4:25-CV-05176-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>**ECF Nos. 18, 19, 27, 28, 30, 33** |

Before the Court are Defendants' motions to dismiss.  ECF Nos. 18, 19.

Plaintiff is proceeding *pro se*.  The State of Washington and the Washington State

Administrative Office of the Courts (the "State Defendants") are represented by

Brandon Slaven.  Walla Walla County is represented by Jakub Kocztorz.  The

Court has reviewed the record and is fully informed.  For the reasons set forth

below, the Court grants the motions.

ORDER - 1

**BACKGROUND**

The following facts are alleged in Plaintiff's Complaint and the attachment thereto.  ECF Nos. 1, 1-1.

Plaintiff alleges that he is "a permanently disabled, indigent Black man" who suffers from significant medical conditions, including cardiac and spinal issues, as well as a documented reading disability.  ECF No. 1-1 at 3, 8.  He asserts that these conditions result in "limited mobility," "extreme chronic pain," and impairments affecting his ability to read, write, and participate in legal proceedings.  ECF No. 1 at 4.

Plaintiff's claims arise from divorce-related proceedings in Walla Walla County Superior Court.  ECF No. 1-1 at 9.  He alleges that over a period of years, Defendants, "acting through their courts, judges, policies, and administrators," denied him "meaningful access to the courts" and failed to provide requested ADA accommodations.  *Id.* at 3.  According to Plaintiff, he submitted requests for accommodations related to his medical conditions, including "periodic breaks," permission "to sit or stand as needed," additional time to read from notes, and a continuance of trial due to a scheduled surgery.  *Id.* at 10.  Plaintiff alleges that Defendants "did not initiate the required 'interactive process'" and that his requests were "ignored, continued without explanation, and ultimately struck."  *Id.*

ORDER - 2

Plaintiff further alleges that his trial was scheduled on the same date as a medically necessary surgical procedure and that his treating physician advised he should not participate in legal proceedings at that time. *Id.* at 11-12. Despite this, Plaintiff alleges he was required to proceed to trial while in "extreme pain," under the effects of medication, and unable to meaningfully participate. *Id.* at 12-13.

Plaintiff also alleges that the presiding judge engaged in hostile and unequal treatment, including minimizing his statements, interrupting him, and treating him less favorably than his opposing party. *Id.* at 14. He contends this conduct reflected discrimination based on disability and race and affected the outcome of his case. *Id.*

Finally, Plaintiff alleges that after he filed complaints regarding judicial conduct and initiated related proceedings, Defendants engaged in retaliatory conduct, including striking filings, denying motions, and obstructing his access to the courts. *Id.* at 15, 17.

Plaintiff seeks declaratory and injunctive relief as well as $40,000,000 in damages. *Id.* at 4, 25.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

ORDER - 3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth.  *Id.*  A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.  *Twombly*, 550 U.S. at 562.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

## DISCUSSION

### A. State Defendants

*1. Eleventh Amendment Immunity*

The Eleventh Amendment bars suits in federal court against a state and its agencies unless the state consents to suit or Congress validly abrogates the state's immunity.  *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-55 (1996); *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540-41 (2002).  Defendant Washington State Administrative Office of the Courts is a state agency that functions as an arm of the State of Washington and is therefore entitled to Eleventh

ORDER - 4

Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff seeks monetary damages for alleged past conduct and does not name a state official as a defendant or seek prospective injunctive relief against such an official. "The Eleventh Amendment has been interpreted to immunize states from lawsuits for private damages or other retrospective relief brought in federal court by its own citizens or citizens of other states." *R.W. v. Columbia Basin Coll.*, 572 F. Supp. 3d 1010, 1017 (E.D. Wash. 2021), *aff'd in part, appeal dismissed in part*, 77 F.4th 1214 (9th Cir. 2023). Because the State Defendants have not consented to suit in this case, and no exceptions applies, the Eleventh Amendment bars Plaintiff's claims against them. *See Rains v. State*, 674 P.2d 165, 170 (Wash. 1983) ("[T]he State cannot be sued in federal court because of the Eleventh Amendment.").

　　2. *Section 1983 Claims*

　　Plaintiff's constitutional claims independently fail because states and state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

ORDER - 5

*3. ADA and Rehabilitation Act Claims*

Plaintiff also asserts claims under the ADA and the Rehabilitation Act.  ECF No. 1.  Plaintiff's response emphasizes that Title II of the ADA may apply in the context of access to courts and relies on *Tennessee v. Lane*, 541 U.S. 509 (2004).  Even assuming such a theory could be viable in an appropriate case, Plaintiff's Complaint does not plausibly allege facts showing that Plaintiff was excluded from participation in court proceedings or denied meaningful access to the courts by reason of disability.  To the extent Plaintiff's response includes additional factual assertions regarding accommodation requests or ongoing conduct, "it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'"  *Apple Inc. v. Allan & Assoc. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014)); *see, e.g.*, *Lee v. City of Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**B. Walla Walla County**

*1. Municipal Liability*

A municipal entity may be liable under § 1983 only where the alleged constitutional violation results from an official policy, custom, or practice of the municipality.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  However, Plaintiff's Complaint contains no factual allegations suggesting that Defendant Walla Walla County adopted or implemented any policy

ORDER - 6

that caused the alleged violations.  Instead, Plaintiff's allegations concern the conduct of a state judge presiding over Plaintiff's divorce proceedings.

In Washington, superior courts are part of the state judicial branch created by the Washington Constitution.  Wash. Const. art. IV, § 6.  When performing judicial functions, judges do not act as municipal policymakers for purposes of § 1983 liability.  *Cf. Eggar v. City of Livingston*, 40 F.3d 312, 315 (9th Cir. 1994).  Because Plaintiff does not allege that a county policy or custom caused the alleged violations, he fails to state a claim against Walla Walla County.

*2. Judicial Immunity*

The conduct underlying Plaintiff's claims consists of actions taken by a judge during judicial proceedings.  Judges are absolutely immune from liability for damages for acts performed in their judicial capacity.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  The conduct alleged, including rulings regarding scheduling, courtroom management, and trial proceedings, constitutes judicial acts.  Neither of the two recognized exceptions to judicial immunity applies to Plaintiff's claims: (1) for actions not taken in a judge's judicial capacity; and (2) for actions, though judicial, taken absent any jurisdiction.  *Mireles*, 502 U.S. at 11-12.  To the extent Plaintiff's claims depend on such conduct, they are barred by judicial immunity.

ORDER - 7

Further, because Plaintiff has not stated a viable underlying federal claim, his remaining conspiracy claims, necessarily fail.

## CONCLUSION

For the reasons explained above, the Court grants Defendants' motions to dismiss.  The Court further denies leave to amend because no amendment can overcome Eleventh Amendment immunity, judicial immunity, and the absence of a viable basis for municipal liability.  *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1.  The State Defendants' Motion to Dismiss, **ECF No. 18**, is **GRANTED**.

2.  Walla Walla County's Motion to Dismiss, **ECF No. 19**, is **GRANTED**.

3.  Plaintiff's claims are **DISMISSED with prejudice**.

4.  All pending motions, including **ECF Nos. 27, 28, 30, 33**, are **DENIED** as moot.

5.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, provide a copy to the parties, **enter** judgment, and **CLOSE the file**.

ORDER - 8

DATED May 6, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9